# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                          )
JAMES H. TYLER,              )
                          )
         Plaintiff,       )
                          )
       v.                   )     Civil Action No. 14-0362 (JDB)
                          )
DISTRICT OF COLUMBIA HOUSING  )
AUTHORITY,            )
                          )
         Defendant.     )
_____)

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the District of Columbia Housing Authority's Motion to Dismiss Plaintiff's Complaint. For the reasons discussed below, the motion will be denied.

## I.  BACKGROUND

Plaintiff sought employment with the District of Columbia Housing Authority ("DCHA") "before the year 2008" as a police officer and a special police officer. Compl. at 1. At that time, plaintiff was 67 years of age. *See id.*, Ex. 2 (Letter to plaintiff from Danielle J. Hayot, Washington Field Office, U.S. Equal Employment Opportunity Commission, dated December 17, 2013) (exhibit numbers designated by the Court). DCHA "never contacted [plaintiff]," and in 2008 he filed a charge of discrimination against the DCHA with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 1. Not until 2013 did plaintiff hear from the EEOC, at which time, he alleges, he was offered $3,000.00 to settle his claim. *Id.* Plaintiff declined the offer. *Id.*

The EEOC summarized the findings of its investigation as follows:

> You alleged that the [DCHA] discriminated against you on the basis of your age (67) in violation of the [ADEA] when it failed to hire you for the position of Police Officer on or around September 2007. The [DCHA] was unable to locate any records evidencing your application for Police Officer.  However, it did produce an application for Security Officer Position you submitted on September 19, 2007.  You were not selected for that position.  The evidence indicates that you were not selected because you failed to indicate that you had earned a high school diploma or equivalent degree.
>
> You did not produce any additional evidence that would support a finding of age discrimination.  Based on this evidence, it is unlikely that [the DCHA] subjected you to discrimination on the basis of age in violation of EEOC's laws.  Therefore, we decline to pursue the matter further.

*Id.*, Ex. 2.  The EEOC issued its right-to-sue letter on December 17, 2013.  *Id.*, Ex. 1 (Dismissal and Notice of Rights dated December 17, 2013).  Contrary to the EEOC's representations as to his education level, plaintiff asserts that he "has a G.E.D. and over 100 college credit hours." Compl. at 2.

Plaintiff alleges that the DCHA refused to hire him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq.*  Compl. at 2. He demands monetary damages and injunctive relief.  *See id.*

## II.  DISCUSSION

### A.  *Defendant's Motion to Dismiss Under Rule 12(b)(5)*

The DCHA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  *See generally* Mem. of P. & A. in Support of District of Columbia Housing Auth.'s Mot. to Dismiss, ECF No. 8 ("Def.'s Mem.") at 5-8 (page numbers designated by ECF).  It argues that plaintiff effected service of process 232 days after having filed his complaint in the United States District Court for the District of Maryland, and 226 days

after transfer of the case to this district, well beyond the 120-day period set forth in Federal Rule of Civil Procedure 4(m).  *Id*. at 7.

Because plaintiff is proceeding *pro se* and *in forma pauperis*, court officers "issue and serve all process" on his behalf.  28 U.S.C. § 1915(d); *see* Fed. R. Civ. P. 4(c)(3).  Under these circumstances, the Court declines to penalize plaintiff by dismissing the complaint for insufficient service of process based on exceeding the time limits of Rule 4(m).  *See, e.g., Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 107-08 (D.D.C. 2013).

### B.  Defendant's Motion to Dismiss Under Rule 12(b)(6)

Alternatively, the DCHA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  *See generally* Def.'s Mem. at 8-11.  Although a plaintiff need not set forth "detailed factual allegations" to withstand a Rule 12(b)(6) motion, in order to establish the "grounds" of his "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986).  The Court "must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The complaint "is construed liberally in [plaintiff's] favor, and [the Court should] grant [plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, the Court need not accept inferences that are not supported by the facts alleged and legal conclusions drawn by plaintiff.  *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

3

Under the ADEA it is "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  A successful claim under the ADEA requires a plaintiff to demonstrate that he "(1) . . . is a member of the protected class (i.e., over 40 years of age); (2) . . . was qualified for the position for which [he] applied; (3) . . . was not hired; and (4) . . .  was disadvantaged in favor of a younger person."  *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004) (citations omitted).  "[P]laintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss," however.  *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).  Nevertheless, he must allege sufficient facts to put the defendant on notice of the claim against it, *see Kangethe v. District of Columbia*, 953 F. Supp. 2d 194, 199 (D.D.C. 2013), which in this case means allegations that plaintiff suffered an adverse employment action because of his age, *see Montgomery v. Omnisec Int'l Sec. Servs., Inc.*, 961 F. Supp. 2d 178, 183 (D.D.C. 2013) (citing *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008)).

A *pro se* plaintiff is held to "less stringent [pleading] standards" than lawyers are, *Erickson*, 551 U.S. at 94, but still must plead facts permitting an inference of "more than the mere possibility of misconduct," *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see Brown v. Whole Foods Market Group, Inc.*, __ F. 3d __, __, 2015 WL 3634672, at *4 (D.C. Cir. June 12, 2015). However, a *pro se* litigant's complaint must be considered in light of all other filings, including those responding to a motion to dismiss.  *Brown*, 2015 WL 3634672, at *5; *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

Plaintiff, who was 67 years of age when he submitted his application to the DCHA, alleges that the DCHA declined to hire him as either a police officer or a special police officer. By mentioning his G.E.D. and college credit hours earned, plaintiff appears to assert that he was qualified for the positions, insofar as a high school diploma or its equivalent was required.  A fair reading of the complaint and other materials is that plaintiff suffered an adverse employment action because of his age.  The "claim has facial plausibility" because the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III.  CONCLUSION

Because plaintiff's complaint adequately alleges an age discrimination claim under the ADEA, defendant's motion to dismiss will be denied.  An Order is issued separately.

/s/
JOHN D. BATES
United States District Judge

DATE: June 29, 2015