UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES H. TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-0362 (JDB) |
| | ) | |
| DISTRICT OF COLUMBIA HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the District of Columbia Housing Authority's Motion for Summary Judgment, ECF No. 37. For the reasons discussed below, the motion will be granted.

I. BACKGROUND

Tyler sought employment with the District of Columbia Housing Authority ("DCHA"). Compl. at 1; Mem. of P. & A. in Support of District of Columbia Housing Auth.'s Mot. for Summ. J., ECF No. 37 ("Def.'s Mem."), Ex. E at 1 (page number designated by ECF); Pl. Oppose [sic] Def.'s Mot. for Summ. J., ECF No. 40 ("Pl.'s Opp'n") at 1. On September 19, 2007, he applied for a Security Officer position. Compl. at 1; *see generally* Def.'s Mem., Ex. A at 1. At that time, plaintiff was 67 years of age. Def.'s Mem., Ex. C at 1.

According to DCHA, "[a] high school diploma or equivalent degree was required in order for an applicant to meet the minimum qualifications for the Security Officer position." Def.'s

1

Mem., Ex. H ¶ 4. Tyler alleges that he "has a G.E.D. and over 100 college credit hours." Compl. at 2. On his application, plaintiff indicated that he attended high school and had taken some college courses. Def.'s Mem., Ex. A at 1. He did not indicate the dates he attended high school; he did not check a box to indicate whether he had graduated high school; he did not indicate the year he received his diploma or GED. *See id.*, Ex. A at 1. In short, the "application did not indicate he had a high school diploma or equivalent degree," *id.*, Ex. H ¶ 5, without which Tyler "would not have been eligible for the position of Security Officer," *id.*, Ex. H ¶ 6.[1]

DCHA did not select Tyler. *See* Compl. at 1. Tyler believed that DCHA refused to hire him because of his age, and on May 14, 2008, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] *Id.*; *see* Def.'s Mem., Ex. B. The EEOC summarized the findings of its investigation as follows:

> You alleged that the [DCHA] discriminated against you on the basis of your age (67) in violation of the Age Discrimination in Employment Act when it failed to hire you for the position of Police Officer on or around September 2007. The [DCHA] was unable to locate any records evidencing your application for Police Officer. However, it did produce an application for [a] Security Officer Position you submitted on September 19, 2007. You were not selected for that position. *The evidence indicates that you were not selected because you failed to indicate that you had earned a high school diploma or equivalent degree.*
>
> You did not produce any additional evidence that would support a finding of age discrimination. Based on this evidence, it is unlikely that [DCHA] subjected you to discrimination on the basis of age in

---

[1] DCHA's declarant has explained that "DCHA does not process incomplete employment applications and such applications are removed from the applicant pool." Def.'s Mem., Ex. H ¶ 7.

[2] The typewritten statement on the Charge of Discrimination indicates that Tyler was 68 years old at that time, and a handwritten notation indicates that he was 67 years old. *See* Def.'s Mem., Ex. B (Charge of Discrimination).

> violation of EEOC's laws. Therefore, we decline to pursue the
> matter further.

Def.'s Mem., Ex. C (emphasis added). Undaunted by the EEOC's determination, Tyler has brought this action against DCHA under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq*. Compl. at 2.

The parties conducted some discovery, namely written discovery DCHA sent plaintiff on November 14, 2016. Def.'s Mem. at 5. Tyler responded to DCHA's interrogatories. *See id.*, Ex. E. But he neither appeared for his deposition on January 11, 2017, *see id.*, Exs. G-H (respectively, Notice of Deposition Duces Tecum and Transcript), nor responded to DCHA's requests for admission, *id.*, Ex. F at 3.

## II. DISCUSSION

### *A. Summary Judgment Standard*

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact." *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 86 (D.D.C. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A fact is material if it "affect[s] the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Mokhtar v. Kerry*, 83 F. Supp. 3d 49, 60 (D.D.C. 2015) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)) (additional citations omitted), *aff'd*, No. 15-5137, 2015 WL 9309960 (D.C. Cir. Dec. 4, 2015). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Liberty Lobby*, 477 U.S. at 247-48 (emphasis in original).

The moving party may discharge its burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The non-moving party must "go beyond the pleadings" to defeat summary judgment. *Id*. at 324. He is required to "designate 'specific facts showing that there is a genuine issue for trial,'" *id*., by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A); *see Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). "Summary judgment is appropriate if the non-movant fails to offer 'evidence on which the jury could reasonably find for [him].'" *Bowe-Connor*, 845 F. Supp. 2d at 86 (citing *Liberty Lobby*, 477 U.S. at 252).

*B. Tyler Fails to Make Out a Prima Facie Case of Age Discrimination*

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (citations omitted). Where, as here, a plaintiff has no direct evidence of age discrimination, the District of Columbia Circuit directs this Court to review the claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973):

4

> To establish a prima facie case under the ADEA, for a claim involving a failure to hire, the plaintiff must demonstrate that (1) [he] is a member of the protected class (*i.e.*, over 40 years of age); (2) [he] was qualified for the position for which [he] applied; (3) [he] was not hired; and (4) [he] was disadvantaged in favor of a younger person.

*Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004) (citations omitted).

The parties do not dispute that DCHA failed to hire Tyler and that he was over 40 years of age. Even if Tyler were relieved of the obligation to show that he was disadvantaged in favor of a younger person, *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("Because it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the *McDonnell Douglas* prima facie case."), DCHA argues that Tyler cannot meet the remaining element, *i.e.*, that he was qualified for the Security Officer position. *See* Def.'s Mem. at 8-9.

DCHA submits that the minimum qualifications for the Security Officer position included a high school diploma or its equivalent. *See* Def.'s Mem., Ex. H ¶ 4. Although plaintiff's job application reflects high school attendance, it does not indicate that he either earned a high school diploma or obtained a GED. *See* Def.'s Mem., Ex. A at 1. DCHA bolsters its position by pointing to Tyler's failure to respond to DCHA's Request for Admission No. 3: "Plaintiff did not indicate on his application that he had a high school . . . diploma." *Id.*, Ex. F at 3. "[A] party who fails to file a timely response to a request for admission in effect admits the matters addressed in the request." *Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989).

Tyler's assertion that his job "application clearly showed the information for the high school/GED and college," Pl.'s Opp'n at 1, is unavailing. He points to no particular materials in the record to show that he met the educational prerequisites for the Security Officer position or that DCHA had or should have had this information at the time he submitted his application.

5

Tyler does not demonstrate that he was qualified for the position and, hence, he fails to make out a prima facie case of age discrimination. *See Carter v. George Washington Univ.*, 387 F.3d 872, 883 (D.C. Cir. 2004) (affirming district court's grant of summary judgment where plaintiff "has failed to show that she meets the qualifications requirement of the *McDonnell Douglas* prima facie case"). That failure warrants dismissal of his case.

### III. CONCLUSION

DCHA has demonstrated that there is no genuine issue of material fact in dispute and that it is entitled to judgment as a matter of law on Tyler's claim of age discrimination under the ADEA. Accordingly, the Court grants DCHA's motion for summary judgment. An Order is issued separately.


DATE: August 14, 2017                /s/
                                     JOHN D. BATES
                                     United States District Judge